UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DANIEL J. KAISER, on behalf of himself and all others similarly situated,

        -against-

STUBHUB, INC.,

        Defendant.
------------------------------------------------------------------------X

24 Civ. 00044 (JLR)

**AMENDED COMPLAINT**

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Daniel J. Kaiser ("Kaiser") is a resident of Brooklyn, New York.

2. Defendant StubHub, Inc. is a corporation authorized to do business in New York State with offices located at 3 World Trade Center, New York, New York 10006.

3. Mr. Kaiser and all others similarly situated are purchasers of fraudulent tickets from the StubHub web site for which StubHub was not authorized to sell nor serve as a third-party broker.

4. StubHub knew, should have known and had notice that the tickets sold to plaintiffs were fraudulent before and at the time of purchase.

5. Venue in this Court is proper because many of the relevant transactions took place in New York City, plaintiff is a resident of New York City and defendant has offices in New York County.

6. Because the agreement between defendant and plaintiffs was bargained for fraudulently by defendant, the venue provisions pertaining to the ticket purchase agreement, including any and all provisions to arbitrate disputes, are void and unenforceable.

## FACTS

7. From his home in Brooklyn, Mr. Kaiser used his computer to visit defendant's web site and purchased two tickets on the field for the Tottenham Hotspurs/Liverpool game on September 30, 2023, at Tottenham Hotspurs Stadium in Tottenham, England.

8. Prior to leaving for London, Mr. Kaiser received several emails from StubHub confirming his purchase of Tottenham tickets. For example, one email, dated September 15, 2023 stated:

> "We're just as excited as you for Tottenham Hotspur vs Liverpool FC! We just wanted to remind you that Tottenham Hotspur will release the tickets a few days before the event. We'll send you an email when yours are ready. Remember, our 100% Guarantee ensures you'll have your tickets in hand in time for the event. Thank you for your patience and trust. See you at Tottenham Hotspur Stadium!"

9. Another email from StubHub, dated September 27, 2023, stated:

> "Tottenham Hotspur vs Liverpool FC Tickets is around the corner!
> We know you're on your toes waiting for your tickets to arrive, so don't worry.
> We'll send you an email when yours are available.
> Get ready!
> 1. Stay tuned
> Download our app to track everything directly from the palm of your hand.
> 2. Keep an eye on your inbox. Don't forget to add us to your safe sender list and check your spam or junk folder.
> 3. Learn more
> You can visit our Help Center for more information.
> Remember, your order is 100% Guaranteed"

10. Mr. Kaiser arrived in London on September 28, where he stayed at a hotel.

11. Mr. Kaiser received another email from StubHub on September 28:

> "Hello Daniel,
> Order placed on Jun 21

2

> Seller notified
> The seller transferred your tickets to kaiser@ksmlaw.com.
> The seller sent you your tickets! Check your email
> kaiser@ksmlaw.com for a transfer
> offer and follow the instructions carefully to get your tickets.
> You might already have the email. If not, it'll be in your inbox
> soon."

12. Mr. Kaiser followed StubHub's instructions and downloaded the two "tickets" purchased for the game.

13. On the afternoon of September 30, Mr. Kaiser hired an uber to bring him and his guest to Tottenham Stadium; the game was scheduled to begin at 7 p.m.

14. When Mr. Kaiser and his guest arrived at the gate, the ticket scanner did not recognize the tickets.  Mr. Kaiser was directed to the Tottenham Ticket Office.

15. When Mr. Kaiser showed his tickets to the Tottenham Ticket Office employee, he was told that the tickets were fraudulent/invalid and that StubHub was not authorized to sell and/or serve as a third party broker for tickets at Tottenham Hotspurs Stadium.  The ticket office employee also stated that previous StubHub customers had identical experiences to Mr. Kaiser and were turned away on their game days.

16. In fact, the ticket office employee handed Mr. Kaiser a preprinted flyer explaining the problem of fraudulent ticket sales and that no tickets sold by anyone other than the Stadium are valid.

17. Upon information and belief, StubHub has sold hundreds of invalid, unauthorized Tottenham Hotspurs Stadium tickets and, indeed, thousands of tickets to a variety of events that it never had authorization to sell nor to serve as a third broker.

18. At the time of the filing of this Complaint, StubHub continues to sell Tottenham HotSpurs Stadium tickets on its web site.

19. Upon information and belief, StubHub knew that it had no authority to sell and/or serve as third party broker for the sale of tickets to a variety of events, including Tottenham Hotspurs Stadium tickets to plaintiff Kaiser and all those similarly situated.

20. Upon information and belief, StubHub was repeatedly notified by Tottenham Stadium and other entertainment and sports venues that it was not authorized to sell tickets to their events; StubHub ignored these communications.

21. StubHub converted plaintiff Kaiser's money and the money of all those similarly situated.

22. StubHub defrauded plaintiff Kaiser and all those similarly situated.

23. Each instance of StubHub's illegal conversion of funds by the sale of fraudulent tickets constitutes a separate predicate act, pursuant to Civil RICO, 18 U.S.C. § 1964, as does each instance of accompanying fraud.

24. StubHub's criminal enterprise of repeated conversion of monies paid to it for fraudulent tickets is a clear pattern of predicate acts constituting racketeering and a violation of Civil RICO, 18 U.S.C. § 1964.

25. Upon information and belief, the Defendant's pattern of illegal conduct by fraud and conversion has been continuous and interrelated and has occurred over a period of years effecting thousands of unsuspecting StubHub victims.

26. Consequently, Mr. Kaiser and all those similarly situated have been damaged.

### CLASS ACTION ALLEGATIONS

27. Pursuant to Article 9 of the New York Civil Practice Law and Rules ("CPLR"), plaintiff seeks certification of a class defined as: consumers of invalid and/or bogus tickets sold on the StubHub web site for which StubHub served as seller and/or third-party broker but for

which StubHub knowingly and/or fraudulently and/or recklessly effectuated the sale without authorization to do so. Plaintiff reserves the right to seek leave to modify this definition, including the addition of one or more subclasses, after having the opportunity to conduct discovery.

28. A class should be certified because (a) there are common questions of law and fact that predominate, (b) there are potentially thousands of plaintiffs who have purchased invalid tickets on StubHub, too numerous to join each individually and (c) plaintiff Kaiser is typical of the class of plaintiffs sought and will be an adequate and appropriate class representative.

29. Counsel for Plaintiffs is sufficiently experienced in representing clients in class action litigation.

30. The exact size of the Class and the identities of the individual Class members are ascertainable through records maintained by StubHub.

31. The claims of Plaintiff and the other Class members are based on the same legal theories and arise from the same unlawful pattern and practice of defendant StubHub.

32. Absent a class action, most of the Class members would find the cost of litigating their claims to be cost-prohibitive and will have no effective remedy.

33. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation, in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

34. Plaintiff and his counsel are unaware of any class action brought against any Defendant for the violations alleged in this action.

35. The forum is desirable because the plaintiff purchased his ticket at his home in New York City and defendant has offices in New York County.

36. This action presents no difficulty that would impede its management by the Court as a class action.

## COUNT I

## BREACH OF CONTRACT

37. Plaintiffs repeat and reiterate the allegations contained in the prior paragraphs as if incorporated and realleged herein.

38. Defendant has breached its agreement with Plaintiffs.

39. By reason thereof, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT II

## CONVERSION

40. Plaintiffs repeat and reiterate the allegations contained in the prior paragraphs as if incorporated and realleged herein.

41. By advertising and brokering ticket sales it knew and had notice it was not authorized to broker, Defendant knowingly collected fees to which it was not lawfully entitled and thereby converted monies that did not belong to Defendant.

42. By reason thereof, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT III

## FRAUD

43. Plaintiffs repeat and reiterate the allegations contained in the prior paragraphs as if incorporated and realleged herein.

44. Defendant knowingly falsely and fraudulently advertised ticket sales to plaintiffs and the public it had no authority to sell nor serve as third party broker and thereby converted funds by means of the fraud.

45. By reason thereof, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT IV

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
(Civil RICO, 18 U.S.C. §1964)

46. Plaintiffs repeat and reiterate the allegations contained in the prior paragraphs as if incorporated and realleged herein.

47. Defendant, through a criminal enterprise, committed a pattern of repeated predicate illegal acts of fraud and conversion that were continuous and interrelated by repeatedly fraudulently advertising and otherwise representing to plaintiffs and the public that it was allegedly authorized to broker certain ticket sales it was not, while converting the funds it received from unsuspecting ticket purchasers. Defendant has thus violated the Civil RICO statute, 18 U.S.C. § 1964.

48. By reason thereof, Plaintiffs have been damaged in an amount to be determined at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**WHEREFORE,** plaintiffs demand judgment against defendant as follows:

(i) On the First Cause of Action assessing compensatory damages in an amount to be determined at trial;

(ii) On the Second Cause of Action assessing compensatory damages in an amount to be determined at trial and punitive damages in an amount to be determined at trial;

(iii) On the Third Cause of Action assessing compensatory in an amount to be determined at trial and punitive damages in an amount to be determined at trial;

(iv) On the Fourth Cause of Action assessing compensatory damages in an amount to be determined at trial and punitive damages in an amount to be determined at trial;

(v) Attorney fees and disbursements; and

(vi) For such other relief as the Court deems just and proper.

Dated: New York, New York
February 15, 2024

**KAISER SAURBORN & MAIR, P.C.**

By: _____
William H. Kaiser, Esq. [WK-7106]

Attorneys for Plaintiff
30 Broad Street, 37th Floor
New York, New York 10004
(212) 338-9100